Amanda J. Heitlinger, SBN 271469
**ARATA, SWINGLE, VAN EGMOND & HEITLINGER**
**A Professional Law Corporation**
1207 I Street (95354)
Post Office Box 3287
Modesto, California 95353
Telephone: (209) 522-2211
Facsimile: (209) 522-2980

Attorneys for Plaintiff
ERIN RILEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN RILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>TURLOCK IRRIGATION DISTRICT;<br>MONIQUE HAMPTON and DOES 1-100,<br><br>    Defendants.<br>_____/ | Case No:<br><br>**COMPLAINT FOR:**<br><br>1. Failure to Pay Overtime/Misclassification (29 U.S.C §207);<br>2. Misclassification (29 U.S.C §213);<br>3. Discrimination on the basis of Gender (Cal. Gov't Code §12940);<br>4. Discrimination on the Basis of Gender (42 USCS §2000 et. seq.);<br>5. Breach of Implied Covenant of Good Faith and Fair Dealing; and<br>6. Negligent Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ERIN RILEY (hereinafter referred to as "Plaintiff"), hereby files this Complaint against TURLOCK IRRIGATION DISTRICT; MONIQUE HAMPTON and DOES 1 to 100 (hereinafter collectively referred to as "Defendants"). Plaintiff is informed and believes, and on the basis of that information and belief, alleges as follows:

**PARTIES**

1.    Plaintiff, ERIN RILEY, is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint a resident of Turlock, in the State of California. Plaintiff was at all relevant times herein employed by Defendant TURLOCK IRRIGATION DISTRICT ("TID").

2. Plaintiff is informed and believes and thereon alleges that Defendant TID is a California public entity duly organized under California law actually conducting business in the County of Stanislaus, State of California. Plaintiff is informed and believes and thereon alleges that Defendant TID is in the business of providing customers with electrical and irrigation services. As a public agency, Defendant TID is an "enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §203(x). Defendant TID is a public entity which is subject to suit under the California Fair Employment and Housing Act, Government Code §12900 et seq. (hereinafter, "FEHA"), in that Defendant is an employer who regularly employs five or more persons.

3. Plaintiff is informed and believes and thereon alleges that Defendant MONIQUE HAMPTON ("Hampton") is at all relevant times mentioned herein an individual residing in the County of Stanislaus, State of California.

4. Defendants DOES 1 through 100 are persons or entities whose true names and identities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants are responsible in some manner for the matters alleged herein and are jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

5. At all times mentioned herein, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment. The Defendants are jointly and severally liable to Plaintiff.

6. Defendants, and each of them, are now and or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of, said joint venture, partnership or common enterprise.

7. Defendants, and each of them, now and or at all times mentioned in this Complaint approved, ratified, acquiesced, aided or abetted the acts and omissions alleged in this Complaint.

8. Hereinafter in this Complaint, unless otherwise specified, reference to Defendant or Defendants shall refer to all Defendants, and each of them. All Defendants shall hereinafter be collectively referred to as "Defendants."

9. Defendants proximately caused Plaintiff to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

## JURISDICTION AND VENUE

10. The unlawful employment practices complained of herein occurred in Stanislaus County, State of California.

11. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over the state law claims.

12. Venue is proper pursuant to 28 U.S.C. §1391. A substantial part of the events or omissions on which the claims asserted herein are based occurred within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND COMPLIANCE WITH GOVERNMENT TORT CLAIMS ACT

13. Within one (1) year of the harassment and discrimination as alleged herein, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and a complaint with the Department of Fair Employment and Housing ("DFEH"). Plaintiff received a "Right to Sue" letter on or about March 30, 2020.

14. On or about March 31, 2020, Plaintiff timely filed a Claim Against Defendant TID. Defendant TID rejected this claim on or about May 15, 2020.

## DEMAND FOR A JURY TRIAL

15. Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

16. This action is brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§20 et seq.

17. Plaintiff began working for Defendant TID in or about June 2006 as a customer service representative. Plaintiff has been an exemplary employee during her tenure with TID, receiving high

marks in her performance evaluations and annual merit increases. In April 2014 Plaintiff was offered the position of Consumer Program Specialist, a position she accepted.

18. While employed as a Consumer Program Specialist, Defendant TID and DOES 1-100 classified Plaintiff as an exempt employee. In this position she received a base salary paid bimonthly. She did not take breaks, took phone calls and responded to emails during off-work hours and worked in the evenings and weekends. Plaintiff was not expected to record her time or clock in or out. The position of Consumer Program Specialist is appropriated classified as non-exempt under applicable California and federal law. Defendant TID and DOES 1-100 corrected the misclassification in April 2019. From April 2014 to April 2019 Ms. Riley was misclassified as an exempt employee.

19. From April 2014 to April 2019, Defendant TID and DOES 1-100 failed to compensate Plaintiff at an overtime rate of pay for the overtime hours she worked. From April 2014 Defendant TID and DOES 1-100 failed to compensate Plaintiff for the hours she worked.

20. In 2014 Plaintiff was paid a monthly salary of $4,700, paid bimonthly. Plaintiff was paid a monthly salary of $4,841.00 for the first 3 months of 2015. Beginning in April 2015 Plaintiff earned a monthly salary of $5,082.00. In 2016 Plaintiff earned $5,234.00 per month for an hourly rate of $31.40. In 2017 Plaintiff earned $5,391.00 per month. In 2018 Plaintiff earned $5,553.00 per month. In 2019 Plaintiff earned $5,720.00 per month.

21. After April 2019 Defendant TID and DOES 1-100 claim to have re-classified Plaintiff as a non-exempt employee. However, since April 2019 Plaintiff has still not been compensated for each hour she worked. She has continued to be paid a monthly salary, regardless of the hours worked. Plaintiff therefore continues to lose wages.

22. Plaintiff began facing disparate treatment from her immediate supervisor, Hampton, at the end of 2018. Hampton created a hostile working environment for Plaintiff by being confrontational and combative towards her. Hampton excluded Plaintiff from meetings pertaining to Plaintiff's job functions, instead electing to confer with male employees outside of Plaintiff's department. It appears that sometime in March 2019, Defendants became aware that Plaintiff had been misclassified as an exempt employee. After this point, Hampton's interactions with Plaintiff became increasingly harassing and hostile. Plaintiff

was required the daily journal of her activities, was monitored with GPS tracking, had weekly meetings with Hampton regarding her work and was supposed to receive email recaps of these meetings. This tension appears to have been at its height in June 2019, the same time period that Plaintiff was being asked to work with Human Resources to document her overtime for the past 4 years.

23. Plaintiff routinely put her appointments, meetings and whereabouts on her shared calendar. In July 2019 Hampton demanded that Plaintiff ask her for permission and verbally communicate her activities throughout the day. By October 2019 Plaintiff was required to clear all meetings, even internal appointments with other employees, through Hampton. Plaintiff had never before in her previous 13 years with Defendants been required to do this. Plaintiff's male counterpart was never required to take these additional steps as part of his job duties.

24. Hampton's treatment of Plaintiff worsened to the point Plaintiff's health and well-being were significantly affected. Plaintiff was put on medical stress leave by her treating physician as of October 24, 2019. On or about February 24, 2020 during a meeting with Human Resources, Plaintiff disclosed that her time off was due to medical reasons pertaining to stress due to her interactions with Hampton at work. She requested an accommodation to return to work. Plaintiff suggested that her interactions with Hampton be limited or eliminated as a possible accommodation to allow her to continue to work in a job she loves, without the stress of harassment and retaliation. Human Resources inferred that Plaintiff look for employment elsewhere and ultimately denied the request. Plaintiff returned to work on March 13, 2020. There was another incident with Hampton on March 15, 2020, just 2 days after Plaintiff's return to work from disability leave. Shortly thereafter, Plaintiff was sent to work from home in response to COVID-19. While working remotely, Hampton has continued to harass Plaintiff

25. During the course of performing her regular job duties, Plaintiff had ample opportunity to observe Hampton's interactions with other employees. Hampton was respectful and collegial to the male employees, a stark contrast to the way she treated Plaintiff. Plaintiff is informed and believes, and thereon alleges that Hampton's ill-treatment of her was motivated by her gender.

**FIRST CAUSE OF ACTION**
Failure to Pay Overtime
In Violation of the Fair Labor Standards Act 29 U.S.C §207
(Against Defendant Turlock Irrigation District and DOES 1 through 100)

26. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if set forth fully herein.

27. At all times relevant herein, Plaintiff was engaged in commerce within the meaning of Title 29, Code of Federal Regulations §§776.1 et seq. and 29 U.S.C. §§206(a), 207(a).

28. The FLSA provides that employees shall not be employed more than 40 hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.

29. An employee who has not been paid overtime compensation as required by the FLSA may recover the unpaid balance of the full amount of such overtime compensation, together with costs of suit, as well as liquidated damaged in an amount equal to the overtime compensation unlawfully withheld in a civil action. the action may be maintained directly against the employer without the necessity of first filing a complaint with the Department of Labor.

30. Defendant TID and DOES 1-100 intentionally and improperly designated Plaintiff as exempt to avoid payment of overtime wages and other benefits in violation of the FLSA.

31. In particular, the Code of Federal Regulations sets forth specific requirements that must be complied with to designate an employee in an "executive: or "administrative" exempt category.

32. Plaintiff's job duties as a Consumer Program Specialist does not and at all relevant times mentioned herein did not fit the definition of either an exempt, executive or administrative employee.

33. Plaintiff's primary duty was not the management of the enterprise or a customarily recognized department or subdivision of TID; she did not customarily or regularly direct the work of two or more other employees; she did not have the authority to hire or fire other employees, nor are her suggestions and recommendations in this regard given particular weight; her primary duty is not directly related to the management or general business operations of TID or TID' customers' and her primary duty does no include the exercise of independent discretion or judgment with respect to matters of significance as defined by the Code of Federal Regulations in that she must follow exacting and comprehensive company-wide policies that dictate every aspect of her work performance.

34. Plaintiff performed work for TID from June 2006 through the present. From April 2014 through April 2019 Plaintiff regularly worked more than 40 hours in a workweek.

35. At all relevant times herein, Defendant TID and DOES 1-100 failed to pay Plaintiff overtime compensation for the hours she worked in excess of the maximum hours permissible by law as required by the FLSA.

36. By virtue of Defendant TID's and DOES 1-100 unlawful failure to pay additional compensation to Plaintiff for her overtime hours, Plaintiff has suffered and will continue to suffer damages in amounts which are presently unknown to Plaintiff but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

37. Plaintiff is informed and believes and thereon alleges that Defendant TID and DOES 1-100 either knew or should have known that her position did not qualify as exempt and purposefully elected not to pay Plaintiff for her overtime labor.

38. Defendant TID and DOES 1-100 acted intentionally, oppressively and maliciously toward Plaintiff with a conscious disregard of her rights and with the intent of depriving Plaintiff of property and legal rights and otherwise causing Plaintiff injury. As such, Plaintiff is entitled to liquidated damages.

**SECOND CAUSE OF ACTION**
Misclassification
In Violation of the Fair Labor Standards Act 29 U.S.C §213
(Against Defendant Turlock Irrigation District and DOES 1 through 100)

39. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if set forth fully herein.

40. Defendant TID and DOES 1-100 intentionally and improperly designated Plaintiff as exempt to avoid payment of overtime wages and other benefits in violation of the FLSA.

41. In particular, the Code of Federal Regulations sets forth specific requirements that must be complied with to designate an employee in an "executive: or "administrative" exempt category.

42. Plaintiff's job duties as a Consumer Program Specialist does not and at all relevant times mentioned herein did not fit the definition of either an exempt, executive or administrative employee.

43. Plaintiff's primary duty was not the management of the enterprise or a customarily recognized department or subdivision of TID; she did not customarily or regularly direct the work of two or more other employees; she did not have the authority to hire or fire other employees, nor are her suggestions and recommendations in this regard given particular weight; her primary duty is not directly related to the management or general business operations of TID or TID' customers' and her primary duty does no include the exercise of independent discretion or judgment with respect to matters of significance as defined by the Code of Federal Regulations in that she must follow exacting and comprehensive company-wide policies that dictate every aspect of her work performance.

44. Plaintiff performed work for TID from June 2006 through the present. From April 2014 to the present Plaintiff has not been compensated for each hour she worked.

45. By virtue of Defendant TID's and DOES 1-100 misclassification and failure to pay wages, Plaintiff has suffered and will continue to suffer damages in amounts which are presently unknown to Plaintiff but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

46. Plaintiff is informed and believes and thereon alleges that Defendant TID and DOES 1-100 either knew or should have known that her position did not qualify as exempt and purposefully elected not to pay Plaintiff for all hours worked.

47. Defendant TID and DOES 1-100 acted intentionally, oppressively and maliciously toward Plaintiff with a conscious disregard of her rights and with the intent of depriving Plaintiff of property and legal rights and otherwise causing Plaintiff injury. As such, Plaintiff is entitled to liquidated damages.

**THIRD CAUSE OF ACTION**
Discrimination on the Basis of Gender
In Violation of California Government Code §12940, et seq.
(Against All Defendants and DOES 1 through 100)

48. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if set forth fully herein.

///

///

49. At all times mentioned herein, California Government Code §12940 et seq., the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

50. Defendants have breached their statutory duties owed to Plaintiff under California law, including California Government Code §12940(a).

51. Plaintiff is a member of a class entitled to protection. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act.

52. Beginning in 2018,. Hampton began discriminating against Plaintiff because of her gender.

53. Plaintiff was denied the benefits and privileges of her employment because of her gender.

54. The acts of Defendants contained within this complaint constitute discrimination in violation of Government Code §12940 et seq.

55. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of wages and benefits, and the intangible loss of employment related opportunities and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code §3287 and/or §3288 and/or any other provision of law providing for prejudgment interest.

56. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment. Plaintiff is informed and believes and thereupon alleges that she will continue to experience emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

57. As a proximate result of the wrongful acts of Defendants, Plaintiff was compelled to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

58. Defendant Hampton's outrageous conduct was fraudulent, malicious, oppressive, and done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant Hampton to

-9-
Complaint and Demand for Jury Trial

Plaintiff. Defendants had in place policies and procedures that specifically prohibited discrimination based on a gender and required Defendants' managers, officers, and agents to prevent discrimination against and upon employees of Defendants. Defendant Hampton chose to consciously and willfully ignore such policies and procedures. Plaintiff prays for exemplary and punitive damages against Defendant Hampton in an amount to be established that is appropriate to punish Defendant Hampton and deter others from engaging in such conduct.

### FOURTH CAUSE OF ACTION
Discrimination on the Basis of Gender
In Violation of the Civil Rights Act 42 USCS §2000 et. seq.
(Against All Defendants and DOES 1 through 100)

59. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if set forth fully herein.

60. Defendant TID is an employer within the meaning of 42 U.S.C. §2000e(b).

61. Defendants have discriminated against Plaintiff because of her sex in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e-2(a) as described herein. Plaintiff was denied full and equal accommodations, advantages, and privileges of employment because of her sex.

62. As a direct and proximate result of Defendants' conduct, Plaintiff was harmed.

### FIFTH CAUSE OF ACTION
Breach of Implied Covenant of Good Faith and Fair Dealing
(Against Defendant Turlock Irrigation District and DOES 1 through 100)

63. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if set forth fully herein.

64. Plaintiff entered into an employment contract with Defendant TID in or about June 2006 which contained an implied covenant of good faith and fair dealing by which Defendant TID promised to give full cooperation to Plaintiff and to refrain from doing any act which would prevent or impede Plaintiff's enjoyment of the fruits of the employment contract.

65. Plaintiff did all, or substantially of the significant things that the employment contract required of her.

- 10 -
Complaint and Demand for Jury Trial

66. The implied covenant of good faith and fair dealing required Defendant TID to fairly, honestly and reasonably perform the terms and conditions of the employment contract.

67. Plaintiff is informed and believes that Defendants denied her of equal opportunities and benefits of employment due to her gender. Accordingly, Defendants breached the implied covenant of good faith and fair dealing. Defendants breached their duty through the following conduct: subjecting Plaintiff to different standards of conduct from other employees, targeting Plaintiff with adverse job assignments and unjustified discipline, discriminating against Plaintiff based on gender, subjecting Plaintiff to harassment that caused her mental and emotional stress which led to her need for stress leave.

68. Defendants did not act fairly or in good faith in regard to the employment contract with Plaintiff.

69. As a direct and proximate result of Defendants' conduct, Plaintiff was harmed.

## SIXTH CAUSE OF ACTION
Negligent Infliction of Emotional Distress
(Against All Defendants and DOES 1 through 100)

70. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if set forth fully herein.

71. Defendants engaged in negligent conduct as alleged herein, in violation of statutory standards.

72. Defendants' negligent behavior created circumstances which a reasonable person would find intolerable, and cause Plaintiff to suffer severe emotional distress.

73. At all times mentioned herein, Defendants were aware of the negligent and intolerable conduct of their employee(s) and were aware of the likelihood that such conduct would cause Plaintiff severe emotional distress.

74. Defendant ratified the intolerable and negligent behavior of their employee(s) by failing to repudiate their acts or to address the harm and are therefore vicariously liable for their behavior.

75. As a direct and proximate result of the Defendants' outrageous conduct, Plaintiff suffered intense and enduring emotional distress, which intruded into her personal life, over a period of many months.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows

1. For general and special compensatory damages;
2. For liquidated damages arising out of Defendants' misclassification, failure to pay wages and failure to pay overtime;
3. For all unpaid wages and overtime owed to Plaintiff, as may be proven at trial;
4. For punitive/exemplary damages as to Defendant Hampton according to proof at trial;
5. For attorney's fees and costs;
6. An award of pre-judgment and post-judgment interest; and
7. For such other and further relief as the court deems just and proper.

DATED: July 15, 2020            ARATA, SWINGLE, VAN EGMOND & HEITLINGER

By _____
Amanda J. Heitlinger
Attorney for Plaintiff
ERIN RILEY