1  Nancy E. Harris (SBN: 197042)
   nharris@meyersnave.com
2  MEYERS NAVE
   1999 Harrison Street, 9th Floor
3  Oakland, California 94612
   Telephone: (510) 808-2000
4  Facsimile: (510) 444-1108

5  Attorneys for Defendants
   TURLOCK IRRIGATION DISTRICT and
6  MONIQUE HAMPTON

7

8  Amanda J. Heitlinger (SBN: 271469)
   ARATA, SWINGLE, VAN EGMOND & HEITLINGER
   A Professional Law Corporation
9  1207 I Street (95354)
   Post Office Box 3287
10 Modesto, California 95353
   Telephone: (209) 552-2211
11 Facsimile:  (209) 552-2908

12 Attorneys for Plainitff
   ERIN RILEY

13

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ERIN RILEY,<br><br>         Plaintiff,<br><br>    v.<br><br>TURLOCK IRRIGATION DISTRICT;<br>MONIQUE HAMPTON and DOES 1-100,<br><br>         Defendant. | Case No. 1:20-CV-01028-DAD-BAM<br><br>**JOINT MOTION FOR APPROVAL OF FLSA RELEASE AND SETTLEMENT AGREEMENT**<br><br>The Hon. Dale A. Drozd<br><br>Trial Date:  None Set |

Plaintiff Erin Riley and Defendants Turlock Irrigation District (the "District") and Monique Hampton (the District and Hampton are collectively referred to herein as "Defendants") file this Joint Motion for Approval of Settlement Agreement as to FLSA Claims, and request that the Court approve the Parties' Settlement Agreement attached to the Declaration of Nancy Harris in Support of the Joint Motion ("Harris Decl.") as "Exhibit A." The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested.

## I.  FACTUAL BACKGROUND

Plaintiff has been an employee of Turlock Irrigation District since June 2006 and remains employed by the District. She filed her Complaint initiating this lawsuit against the District and her then supervisor Hampton on July 24, 2020, asserting six claims: claims that the Defendant District violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. by failing to pay her at an overtime premium rate for hours that she worked off the clock in excess of 40 in a number of workweeks and by misclassifying Plaintiff's position; and claims against Defendants for gender discrimination under Title VII and for violation of the California Fair Employment and Housing Act; and claims for breach of the implied covenant of good faith and fair dealing and negligent infliction of emotional distress (the "Lawsuit"). [ECF 1.] As relevant to the FLSA claims, Plaintiff generally alleged that she was employed by Defendant District and was a covered employee under the FLSA during the course of her employment. Plaintiff also alleged that she worked more than 40 hours per workweek but was not paid at the proper overtime rate required by the FLSA. [See *Id*.] Defendants denied Plaintiff's allegations.

During the discovery period, the parties agreed that attempting to resolve this case by agreement would be more efficient than litigating. Settlement negotiations ensued, and, through their counsel, the Parties reached an agreement to settle the Lawsuit as reflected in the Confidential Settlement Agreement and Release of all Claims, attached to the Declaration of Nancy E Harris, filed herewith. The Parties notified the Court that they had reached a settlement on March 10, 2021. [ECF 17.]

/ / /

1  Through their counsel, the Parties are familiar with the facts of the case and the legal issues
2  raised by the pleadings. Both before and during the litigation, the Parties conducted a thorough
3  investigation into the merits of their respective claims and defenses. Informed by their knowledge
4  of the underlying facts and the applicable law, the Parties, through their counsel, have negotiated a
5  settlement of Plaintiff's FLSA claims that involves a payment of $5,156.00 toward unpaid
6  overtime and liquidated damages.  The settlement also includes a payment toward compensatory
7  damages to resolve the non-FLSA claims and a payment for attorneys' fees and costs.  *See* Harris
8  Decl. Ex. A at 2-3.

9  The terms and conditions of the settlement reflected in the Settlement Agreement are a
10 product of the Parties' negotiations and represent a reasonable compromise of the disputed issues
11 in this case. In addition, the Parties believe that the certainty of settlement is better than the
12 uncertain outcome of protracted litigation. The Parties jointly advise that their settlement, and the
13 Settlement Agreement being submitted for review and approval by the Court, includes every term
14 and condition of the Parties' settlement, such that there are no side deals or other terms outside of
15 those being provided to the Court for review.

16 **II.    LEGAL DISCUSSION**

17 The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207
18 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum
19 wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The
20 FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not
21 subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav.*
22 *Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims
23 may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29
24 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back
25 wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States*, U.S. Dep't of Labor,
26 679 F.2d 1350, 1353 (11th Cir. 1982).

27 When parties bring a proposed settlement of an FLSA claim before a court, the Court must
28 scrutinize the settlement to determine whether it is "a fair and reasonable resolution of a bona fide

dispute." *Id.* at 1354-55. *See also Kerzich v. County of Tuolumne*, 335 F. Supp.3d 1179, 1184 (E.D. CA 2018) (noting that, in the absence of Ninth Circuit guidance on the criteria for evaluating a FLSA settlement, district courts in this circuit "have frequently applied" the standard set forth in the Eleventh Circuit in *Lynn's Food Stores, Inc*.)   If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. See *King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. Mar. 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc*., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); see also *Trinh v. JPMorgan Chase & Co*., Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. Mar. 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, at *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

In addition to approval of the settlement amount, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

**III.    SUMMARY OF THE SETTLEMENT TERMS RELATING TO THE FAIR LABOR STANDARDS ACT**

The full terms of the settlement among the parties is set forth in the Confidential Settlement Agreement and Release of All Claims, attached as Exhibit A to the Harris Declaration. The foregoing discusses those terms relating to the FLSA claims.

/ / /

**Back Pay and Liquidated Damages:**  The parties disputed Plaintiff's possible range of recovery under her FLSA claims, and ranged from approximately $2,500 to Plaintiff's claim of approximately $28,000.  Harris Decl.  ¶ 8-9.  After exchanging documents, including emails and available time records, the parties agreed that the amount of undisputed claimed unrecorded overtime was $5,156.00, consisting of $2,578.00 of back pay and $2,578.00 of liquidated damages.  *See* Harris Decl.  ¶ 9; *see also* Declaration of Amanda Heitlinger ("Heitlinger Decl.") ¶¶ 4-7.  The total settlement payment to plaintiff accordingly will more than compensate her for the undisputed back wages due under the FLSA.

**Attorney's Fees and Litigation Costs:**  After the Parties reached an agreement on the total amount of the settlement, the Parties also engaged in separate discussions to allocate a portion to Plaintiff's claims for attorney's fees and costs, which were reported by Plaintiff's counsel to be the amount of $13,170.00.  Harris Decl. ¶ 12.  Plaintiff's counsel reported that she had a contingency agreement with her client, but that the lodestar calculation was significantly higher than the amount of fees sought.  Heitlinger Decl. ¶ 9-10.  Defendants do not oppose the fees and costs being paid to Plaintiff's counsel.  Harris Decl. ¶ 12.

### A.     The Settlement is Fair, Just and Reasonable.

In this case, the proposed settlement is fair, just, and reasonable.  At all times during this litigation, Plaintiff and Defendants have been represented by counsel experienced in the litigation of FLSA claims, and the settlement amount and the final Settlement Agreement were the subject of arms-length negotiations.  Harris Decl. ¶¶  3-4; Heitlinger Decl. ¶¶ 7-10. The Parties therefore respectfully submit that the Settlement Agreement is consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and that all of the relevant criteria support approval of the final settlement in this matter.

Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendants in this case, and the settlement was ultimately agreed upon after the Parties' thorough investigation into the merits of their respective claims and defenses. Heitlinger Decl. ¶ 8; Harris Decl. ¶¶ 8-13. Courts have found no fraud or collusion where the parties are represented by counsel, and the amount to be paid to plaintiff seemed fair.  See *Helms v. Central*

*Fla. Re. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEVIS 92944, at *11-12 (M.D. Fla. Dec. 21, 2006).  Here, each Party was represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights.  The Parties believe that the relative amounts to be paid to Plaintiff and her counsel are substantial evidence that the settlement was not the result of fraud or collusion by any party or counsel.  The probability of success on the merits and length of future litigation also militate in favor of this settlement.  If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses.  The settlement, therefore, is a reasonable means for the Parties to minimize future risks and litigation costs.

The fees to be paid to Plaintiff's counsel are also reasonable in light of the work required in these proceedings.  *See* Heitlinger Decl. ¶¶ 9-10.  The work undertaken represents the work addressed above in connection with the pre-suit administrative proceedings, pre-suit investigation and communications with Defendants and their counsel investigation and filing of the Lawsuit, the early stages of discovery, including document discovery, advising Plaintiff, and negotiating and effectuating this settlement.  *Id*.  The amount reflects the contingency fee arrangement between Plaintiff and her counsel and is consistent (and less than) the total time actually spent in the exercise of judgment by the lawyers and staff involved.  *Id*.  Thus, the fee request is fair and reasonable.

### IV. CONCLUSION

Based upon the foregoing, the Parties jointly believe the settlement terms are fair, reasonable and adequate.  Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter an Order approving the settlement, allowing the Parties to file a joint stipulation of dismissal with prejudice as to Plaintiff's FLSA claims within three weeks after entry of an Order approving the FLSA settlement.

/ / /

/ / /

/ / /

/ / /

A proposed order is submitted herewith.

DATED:  March 11, 2021            ARATA, SWINGLE, VAN EGMOND &
                                  HEITLINGER, A Professional Law Corporation


                                  By:  /s/ Amanda J. Heitlinger
                                       AMANDA J. HEITLINGER
                                       Attorneys for Plaintiff
                                       ERIN RILEY


DATED:  March 11, 2021            MEYERS NAVE


                                  By:  /s/ Nancy E. Harris
                                       NANCY E. HARRIS
                                       Attorneys for Defendants
                                       TURLOCK IRRIGATION DISTRICT and
                                       MONIQUE HAMPTON


**ATTESTATION**

I, Nancy E. Harris, am the CM/ECF Filer whose login and password are being used to file the foregoing document.  I hereby attest that counsel has concurred in this filing.


                                       /s/ Nancy E. Harris
                                       NANCY E. HARRIS


3684766.3