Nancy E. Harris (SBN: 197042)
nharris@meyersnave.com
MEYERS NAVE
1999 Harrison Street, 9th Floor
Oakland, California 94612
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
TURLOCK IRRIGATION DISTRICT and
MONIQUE HAMPTON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ERIN RILEY,<br><br>    Plaintiff,<br><br>    v.<br><br>TURLOCK IRRIGATION DISTRICT;<br>MONIQUE HAMPTON and DOES 1-100,<br><br>    Defendant. | Case No. 1:20-CV-01028-DAD-BAM<br><br>**DECLARATION OF NANCY E. HARRIS IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA RELEASE AND SETTLEMENT AGREEMENT**<br><br>The Hon. Dale A. Drozd<br><br>Trial Date:  None Set |

I, Nancy E. Harris, declare as follows:

1.  I am an attorney duly admitted to practice before this Court. I am a principal of Meyers Nave, attorneys of record for Defendants Turlock Irrigation District and Monique Hampton. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2.  Attached as Exhibit A is a true and correct copy of the Confidential Settlement Agreement and Release of All Claims (the "Settlement Agreement") entered into by Plaintiff and Defendant Turlock Irrigation District. The parties have agreed that the terms of the Settlement Agreement shall remain confidential because the financial terms set forth Plaintiff's private financial information and the terms of the settlement agreement are confidential and proprietary to the District.

3. I have more than twenty years' experience litigating various types of disputes in California federal and state courts, including employment litigation involving claims asserted under the federal Fair Labor Standards Act.

4. Defendants in this action were also represented by my co-counsel Edward Kreisberg of the Kreisberg Law Firm. Mr. Kreisberg has practiced as an employment lawyer in California since 1995 and his primary area of specialty is employment law, including defense of claims asserted under the federal Fair Labor Standards Act.

5. In March 2019, the District determined that, as a result of a communication error, Plaintiff had not recorded hours worked in excess of forty hours a week for a portion of her employment with the District. Upon discovery of this error, the District immediately began a discussion with Plaintiff to determine how many hours of overtime she had worked and what amount was due. In July 2019, the District made a proposal to Plaintiff for payment of unpaid overtime and liquidated damages in the amount of $12,462 that covered the period from April 2014 through March 2019; this amount was based upon Plaintiff's recollection as to the number of hours worked beyond the regular forty hour week. However, Plaintiff rejected that proposal and thereafter hired Plaintiff's counsel to represent her in this action. Plaintiff thereafter asserted claims of violation of FLSA, along with claims of gender discrimination in violation of Title VII, California's Fair Employment and Housing Act and other claims for breach of the implied covenant of good faith and fair dealing and negligent infliction of emotional distress.

6. Plaintiff filed a Charge of Discrimination with the California Department of Fair Employment and Housing in May 2020. She thereafter filed this action in July 2020.

7. The Parties exchanged initial disclosures and documents in this action in the Fall of 2020. After the documents had been reviewed, the parties entered into discussions about a potential resolution of this action.

8. From November 2020 to February 2021, the Parties through counsel engaged in negotiations regarding the settlement of Plaintiff's claims. With regard to Plaintiff's claims asserted under the FLSA, Defendants asserted that Plaintiff's proposed calculation of overtime was excessive in that it included compensation for hours not worked, included compensation for

overtime for weeks when Plaintiff had worked less than the regular forty hours of work and sought compensation for periods of time not covered by the claims asserted in the action.  In addition, Plaintiff sought unpaid wages in the amount of $16,465 on the basis that the District should have paid her based on the specific number of hours she actually worked in each work week, rather than a fixed amount each month based upon an annual salary.  Defendants disputed this claim on the grounds that the FLSA generally permits employers to pay non-exempt employees a salary so long as the FLSA regular rate can be calculated, and 1.5 times the FLSA regular rate is paid if and when the employee works in excess of forty hours in an FLSA workweek. *See* 29 CFR §778.113. In total, Defendants concluded that Plaintiff's possible total recovery under the FLSA claims would not exceed the amount of $12,462, the amount originally offered to her in July 2019. Plaintiff also claimed damages under her other claims for gender discrimination and intentional infliction of emotional distress, which Defendants disputed.

       9.     In December 2020, Defendant District made an offer to resolve the entire case via Federal Rule of Civil Procedure 68, including Plaintiff's costs and attorneys' fees.  That offered amount was sufficient to ensure that, if accepted, Plaintiff was fully compensated for any unpaid overtime or other past wages under the FLSA, even after the payment of attorneys' fees.  Plaintiff accepted the monetary component of that offer and the parties agreed to discuss other terms of settlement.

       10.     After negotiation, Plaintiff and Defendant District agreed that the calculation of unpaid overtime in the amount of $2,578.00 was undisputed between the parties.  With liquidated damages, the Parties agreed that the total undisputed amount owed to Plaintiff under the FLSA is $5,5156.00.

       11.     The balance of the settlement terms are set forth in the Confidential Settlement Agreement and Release of All Claims.  Given the sensitivity of the allegations, that no party has admitted liability with regard to Plaintiff's claims for gender discrimination or her other claims, and that Plaintiff remains an employee of the District, the Parties have agreed that the remaining terms of the Settlement Agreement shall remain confidential.

       12.     With regard to Plaintiff's counsel's fees, after resolution of the monetary settlement

to Plaintiff, counsel discussed the amount of the settlement to be allocated to attorneys' fees. Plaintiff's counsel reported her attorney's fees and costs to be $13,170.00. Based upon my understanding of the amount of hours that I have expended on the matter and the amount of pre-litigation discovery, negotiation and litigation discovery and negotiation that had occurred, the requested fee appeared to me to be reasonable.

13. Based on my experience and that of my co-counsel Mr. Kreisberg, the settlement terms reached between the Parties represents a fair and reasonable resolution of Plaintiff's FLSA claims, the scope of which remained disputed by Defendant District, along with the balance of the other claims. The negotiations regarding the settlement terms occurred at arms' length and were not collusive. The settlement results in Plaintiff receiving substantially more than the amount of undisputed unpaid overtime and is reasonable given the possible range of recovery under the FLSA claims that she asserted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of March, 2021, at Berkeley, California.

                                                    /s/ Nancy E. Harris
                                                    Nancy E. Harris

3704761.1

# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND RELEASE OF ALL CLAIMS

**Case Name:** *Riley v. Turlock Irrigation District, et al.*
**Case No.:** U.S. District Court, E.D. CA, Case No. 20-cv-01028 –DAD-BAM

This Confidential Settlement Agreement and General Release of All Claims (the "**Agreement**") is entered into by and between Erin Riley ("**Plaintiff**"), and Defendant Turlock Irrigation District (the "**District**") (each, a "**Party**" and collectively the "**Parties**").

### RECITALS

A. **WHEREAS,** Plaintiff was initially hired by the District in or about June 2006 and she remains employed by the District in the position of Consumer Program Specialist (her "**Current Position**") as of the date of this Agreement;

B. **WHEREAS,** on or about May 15, 2020, Plaintiff filed a charge with the California Department of Fair Employment & Housing (the "**DFEH**"), bearing Case No. 485-2020-00326 (the "**Charge**");

C. **WHEREAS,** on or about July 24, 2020, Plaintiff filed a complaint in the United States District Court for the Eastern District of California, entitled *Erin Riley v. Turlock Irrigation District, et al.*, as Case No. 20-cv-01028-DAD-BAM (the "**Action**" and together with the Charge, collectively the "**Lawsuit**");

D. **WHEREAS,** Plaintiff asserts claims in the Lawsuit against the District and District employee Monique Hampton (together, "**Defendants**") for various violations of the Fair Labor Standards Act, of Title VII of the Civil Rights Act of 1964, of the California Fair Employment and Housing Act, including claims for discrimination and retaliation, and for breach of the implied covenant of good faith and fair dealing and negligent infliction of emotional distress. All claims in the Lawsuit arise from Plaintiff's employment with the District; Defendants deny all material allegations in the Lawsuit;

E. **WHEREAS,** the Parties reached an agreement to compromise and settle any and all claims and disputes, known and unknown, arising out of Plaintiff's employment prior to the effective date of this Agreement, and the Lawsuit;

F. **WHEREAS,** it is the mutual wish and desire of all of the Parties hereto that a full and final settlement of all their rights, duties, interests and claims, if any, arising from the Lawsuit and Plaintiff's employment with the District prior to the Effective Date (defined herein) of this Agreement. Nothing herein shall be construed as an admission of liability or wrongdoing of any kind with respect to the matters related to this Lawsuit.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby

_ER_
Plaintiff's Initials

acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the 'WHEREAS' clauses preceding this Paragraph are true and correct and are incorporated herein as material parts to this Agreement.

2. **Plaintiff's Consideration:** In exchange for the promises set forth in this agreement, Plaintiff agrees as follows:

   (a) **Dismissal of Lawsuit:** No later than five (5) days after the expiration of the **Revocation Period**, which is defined in Paragraph 4(c), Plaintiff shall file a Notice of Settlement with the United States District Court for the Eastern District of California. No later than (5) days after Plaintiff's receipt of the **Settlement Payment**, which is defined below in Paragraph 3(a), Plaintiff shall file a Request for Dismissal of the Action with Prejudice. Plaintiff also agrees that within this time period she also will dismiss or withdraw with prejudice all other complaints, charges, or other lawsuits or actions brought by Plaintiff against Defendants, if any, relating to any of the released Claims, as defined below in Paragraph 4.

   (b) **Covenant Not to Sue:** Plaintiff agrees not to bring, continue, or maintain any legal proceedings of any nature against Defendant Releasees, before any court, administrative agency, arbitrator, or other tribunal or forum by reason of or related to her employment with Defendant Releasees or the claims released herein. Plaintiff further agrees that if any agency or court assumes jurisdiction of any complaint, claim or action against Defendant Releasees on her behalf, regarding her, or based upon information provided by her, she will direct that agency or court to withdraw from the matter or dismiss the matter with prejudice to the extent such matter relates to her. Notwithstanding the foregoing, Plaintiff may respond to a lawful subpoena which refers or relates to her employment with Defendant Releasees. Plaintiff agrees that within two business days of receipt of any subpoena referring or relating to her employment with Defendant Releasees, she shall notify Defendant's counsel in writing of the receipt of such subpoena and provide counsel with a copy of such subpoena and all attachments thereto. Breach of this Paragraph 2(b) shall be considered a material breach of this Agreement.

3. **Defendants' Consideration:** In exchange for the promises set forth in this agreement, Defendants agree as follows:

   (a) **Settlement Payment:** Within 30 days of the Effective Date, the District will pay Plaintiff the total sum of forty thousand dollars ($40,000.00) in full settlement of Plaintiff's claims against Defendants, by delivering three checks (collectively referred to herein as the "**Settlement Payment**") to Plaintiff as follows:

   i. One check payable to "Erin Riley" and delivered to the law offices of Arata Swingle Van Egmond & Heitlinger, in the amount of $2,578.00 (two thousand, five hundred and seventy eight dollars), less all required local, state and federal

Plaintiff's Initials

tax deductions, which represents settlement of all wage-related claims, as well as any claims for back and/or front pay. The District will, as required by law, report this payment as income on an IRS Form W-2 to Plaintiff for this amount;

ii. One check payable to "Erin Riley" and delivered to the law offices of Arata Swingle Van Egmond & Heitlinger in the amount of $24,252.00 (twenty four thousand, two hundred and fifty two dollars), for compensatory damages, including but not limited to damages for emotional distress, mental anguish, pain and suffering, embarrassment and humiliation, and/or punitive or liquidated damages. No portion of said sum is to be considered or intended to compensate Plaintiff for any loss of wages, although such claims are expressly released herein. Accordingly, the District will not issue an IRS Form W-2 for this amount, and no deductions will be made from this sum for federal or state income or employment taxes. However, the District will report this payment on an IRS Form 1099 to Plaintiff for this amount.

iii. One check payable to "Arata Swingle Van Egmond & Heitlinger" and delivered to the law offices of Arata Swingle Van Egmond & Heitlinger in the amount of $13,170.00 (thirteen thousand, one hundred and seventy dollars) for attorneys' fees and costs. No portion of said sum is to be considered or intended to compensate Plaintiff for any loss of wages, although such claims are expressly released herein. Accordingly, the District will not issue an IRS Form W-2 for this check amount, and no deductions will be made from this sum for federal or state income or employment taxes. However, the District will report this payment on an IRS Form 1099 to Plaintiff and the law offices of Arata Swingle Van Egmond & Heitlinger for this amount; and

iv. The Settlement Payment paid pursuant to this Paragraph 3(a) represents the settlement of disputed claims and is being provided by District as consideration for Plaintiff entering into this Agreement, including the release of all claims and waiver of rights provided for below.

(b) **Position Transfer:** Within a reasonable time after the **Date of Execution** of this Agreement, the District shall transfer Plaintiff from her Current Position within the District to the position of Administrative Assistant (the "**New Position**"), at the same level of seniority and salary as her Current Position. This Agreement provides only for the transfer to the New Position and does not confer upon Plaintiff a contractual right to the New Position or to any particular position within the District or within any particular District Department or Division or the right to return to the Current Position. Plaintiff is and shall remain subject to all regular District policies, standards and performance metrics and requirements without regard to any term of this Agreement. The Position Transfer described herein does not constitute a guarantee of employment to Plaintiff and the District makes no representations or warranties to Plaintiff about future reporting structures and may eliminate or restructure the New Position at the District's discretion at any time.

Plaintiff's Initials

Confidential Settlement Agreement and General Release
_____, et al.
Page 3 of 11

_____, et al.
Page 3 of 11

(c) **Effective Date**: This Agreement shall not become effective or enforceable until the day after the United States District Court of the Eastern District of California issues an order approving the FLSAA release described in this Agreement (the "Effective Date"). The Parties shall cooperate in filing a Joint Motion for Approval of this Agreement within twenty-one court days of the date on which both Plaintiff and the District have signed this Agreement and Plaintiff delivers to Defendants' counsel a signed copy of this Agreement, with each page initialed by Plaintiff and current, and completed, IRS Form W-9s for both Plaintiff and the law offices of Arata Swingle Van Egmond & Heitlinger. In no event shall the Parties file the Joint Motion for Approval of this Agreement before the expiration of the Revocation Period specified in Paragraph 4(c).

(d) **Taxes**: Plaintiff shall be solely responsible for the reporting and payment of any state, local and/or federal income tax, if any, on any of the amounts paid hereunder. Should it be determined by an authorized authority that the Settlement Payment, or any portion thereof, should be treated as taxable income, Plaintiff agrees to assume all liability for taxes and any costs, fees, interest, assessments, penalties, damages or other losses due to such a determination. Plaintiff shall be responsible for all taxes owed by them and shall defend at their own expense any controversy concerning the payment of such taxes on the Settlement Payment, hold Defendants harmless from any liability or defense for such claims and indemnify it for any payments, costs or taxes levied by the Internal Revenue Service or other taxing authority resulting from the manner of payment described in this Paragraph. Plaintiff acknowledges that Defendants have not provided advice to her regarding the proper tax treatment of the Settlement Payment or any payments or benefits received by her in accordance with this Agreement and that she has been advised to consult with her personal tax or financial advisor for such advice. Defendants make no representation as to the taxability of the Settlement Payment or any portion thereof.

(e) **Full Payment**: Defendants warrant, and Plaintiff acknowledges, that the agreements described under this Paragraph 3 constitute full payment of any and all claims of every nature and kind arising out of or relating in any way to Plaintiff's relationship with Defendants through the Effective Date, including but not limited to any claims identified in the Lawsuit. Plaintiff acknowledges and agrees that the Settlement Payment is being paid in consideration of this release. Plaintiff further acknowledges that Defendant shall owe Plaintiff nothing further in connection with any claims identified in the Lawsuit once Plaintiff receives the consideration described in this Paragraph 3.

4. **Release of Claims**:

(a) **General Release of Claims**: In exchange for the Settlement Payment and consideration set forth herein, and other terms and benefits described in this Agreement, and to the fullest extent permitted by law, Plaintiff, individually and on behalf of herself and her successors, assigns, heirs, estates, executors, administrators, agents, representatives, and other related persons and entities, and each of them, knowingly and voluntarily compromises, waives and releases, relieves, and discharges all rights and claims,

Plaintiff's Initials

known and unknown, which Plaintiff may have against Defendants, their present and former parents, successors, affiliates, subsidiaries, and/or assigns, or any health or welfare plan sponsored by Defendants, or any of their current and former officers, directors, trustees, managers, supervisors, attorneys, agents, affiliates, administrators, insurers, partners, shareholders, employees and representatives, and each of them and their successors, assigns, and heirs (individually and collectively, "**Defendant Releasees**") from the beginning of time to the Effective Date of this Agreement, of all claims, debts, liabilities, demands, charges, complaints, obligations, promises, acts, agreements, contracts, losses, suits, indemnities, duties, costs, judgments, and expenses (including but not limited to attorneys' fees and costs, damages, actions, and causes of action of whatsoever kind or nature), and all rights or claims arising out of, relating to, or resulting from Plaintiff's employment with the District, including, but not limited to, a release of any rights or claims arising under any state or federal statute or common law regulating or affecting employment including, but not limited to, the California Fair Employment and Housing Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Equal Pay Act; California Labor Code Section 132a, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, the Employee Retirement Income Security Act of 1974, Sections 503 and 504 of the Rehabilitation Act of 1973, the National Labor Relations Act, the California Government Code, California Family Rights Act, the IWC Wage Orders, the California Civil Code, the California Business & Professions Code, the California Constitution, any amendments to any of these statutes, or any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local laws involving any tort, employment contract (express or implied), public policy, wrongful discharge, or prohibiting employment discrimination as well as all claims relating to the District's right to hire, promote, discipline, or terminate employees, and all California Labor Code claims and Fair Labor Standards Act claims (including, without limitation, claims for unpaid wages, reimbursements, bonuses, unpaid overtime compensation, meal period and rest breaks, interest, liquidated damages, penalties of any kind, as well as any claims for attorneys' fees, Private Attorney General Act penalties, and costs related thereto) (collectively, "Actions and Liabilities") that Plaintiff has, may have, or has at any time owned or held against Defendant Releasees whether known or unknown, arising out of, relating to, or resulting from any events occurring from the inception of her involvement with Defendants until the execution of this Agreement.

(b) **No Participation in Future Lawsuits or Appeals**: It is the intention of the Parties that, with the execution of this Agreement, Defendant Releasees and their affiliates, officers, directors, trustees, employees, agents, attorneys, stockholders, insurers, successors and/or assigns will be absolutely, unconditionally, and forever discharged of and from all obligations to Plaintiff. Plaintiff represents that, other than the Lawsuit, she has not filed and does not have pending any complaints, charges, or lawsuits against Defendant Releasees (including their affiliates, officers, directors, and employees) or any third party with any administrative or governmental agency or any court for any matter related to her relationship with Defendant. Plaintiff further agrees that she will not actively or voluntarily participate as a witness in any pending or future lawsuits

Plaintiff's Initials

against Defendant Releasees based on any events which may have occurred prior to the execution of this Agreement, unless compelled by a court order to do so. The terms of this Agreement expressly preclude Plaintiff from participating in any manner, whether as a class member or as a witness, in any action filed against Defendant Releasees.

(c) **Acknowledgement of Waiver of Claims Under ADEA:** Plaintiff acknowledges that she is knowingly and voluntarily waiving and releasing any rights she may have under the Age Discrimination in Employment Act ("ADEA"), and that the consideration given for the waiver and release in Paragraph 3, above, is in addition to anything of value to which she was already entitled. The Parties agree that this warrant and release does not apply to any rights or claims that may arise under ADEA after the Effective Date of this Agreement. Plaintiff further acknowledges that she has been advised by this writing that (a) the waiver and release do not apply to any rights or claims that may arise after the execution date of this Agreement; (b) Plaintiff should discuss this Agreement with an attorney before executing the Agreement; (c) Plaintiff has at least twenty-one (21) days within which to review and consider this Agreement before signing it; (d) Plaintiff may revoke this Agreement for up to seven (7) calendar days following the execution of this Agreement (the "**Revocation Period**"). In order to revoke this Agreement, Plaintiff must deliver a written revocation before 12:00 p.m. (midnight) Pacific Time on the seventh (7th) calendar day following the date Plaintiff signs this Agreement, addressed to Nancy Harris, Esq., Meyers Nave, 1999 Harrison Street, 9th Floor, Oakland, CA 94612, with a copy to nharris@meyersnave.com. If the Agreement is not revoked as specified in this paragraph, it will become effective the day after the Revocation Period expires; (e) Nothing in this Agreement presents or precludes Plaintiff from challenging or seeking a determination in good faith of the validity of this waiver under the ADEA, nor does it impose any condition precedent, penalties or costs for doing so, unless specifically authorized by federal law.

(d) **California Civil Code Section 1542:** Plaintiff understands and agrees that this release extends to all Actions and Liabilities released herein, and that any and all rights granted to Plaintiff under Section 1542 of the California Civil Code, or under any similar statutes or common law principles of similar effect, are hereby expressly waived. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff certifies that she has read and understood this general release and Section 1542 and that she expressly waives any right or benefit available to her in any capacity under the provisions of Section 1542.

_____
Plaintiff's Initials

(e) Nothing in this Agreement is intended to limit any claims that cannot be released or waived by law, including any right to any monetary recovery or other individual relief should any government agency pursue any claims on Plaintiff's behalf. However, Plaintiff is releasing and waiving any right to any monetary recovery or other individual relief should any government agency pursue any claims on Plaintiff's behalf.

(f) **Assumption of Risk of Different Facts**: Plaintiff recognizes, acknowledges, understands, and assumes the risk and possibility that any and all facts or rules of law that have or might have induced her to enter into and execute this Agreement may in fact and/or in law be different from her present, past or future understanding and interpretation of the facts and/or law. This Agreement and the releases contained within it shall nevertheless be and remain firm, valid, binding and in full force and effect notwithstanding any misunderstanding or misinterpretation of fact and/or law.

(g) Plaintiff affirms, acknowledges, represents and warrants she has been paid and/or has received all wages, benefits (including but not limited to short and long term disability benefits) and other forms of compensation to which Plaintiff may have been entitled and that, except for the Settlement Payment received in Paragraph 3, no other leave (paid or unpaid), compensation, wages, vacation pay, severance pay, bonuses, commissions, reimbursements, benefits, penalties, interest and/or other monies are due to Plaintiff.

5. **Binding Nature of Agreement**: In signing this Agreement, the Parties agree, understand, and intend that this Agreement shall be binding and enforceable as permitted under law.

6. **No Assignment**: The Parties represent and warrant that no person other than the signatories hereto had or has any interest in Actions and Liabilities released by such Party hereby or the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand, or legal right that is the subject of this Agreement.

7. **Confidentiality**: In consideration for the Settlement Payment and other consideration described in this Agreement, Plaintiff agrees that the fact of, and the terms and conditions of this Agreement, and any and all actions by the Parties to this Agreement, are confidential and shall not be disclosed, discussed or revealed by Plaintiff to any other person or entity except Plaintiff's attorneys, financial advisors, or as required by law. If Plaintiff is asked about the Lawsuit, she may respond by stating: "The case has been resolved."

The Parties further agree that breach of this Paragraph 7 would result in damages to Defendants, the extent of which damages would be extremely difficult to ascertain and/or calculate, and therefore liquidated damages in the amount of two thousand five hundred dollars ($2,500) will be due from Plaintiff in the event of a breach of this provision by Plaintiff or anyone acting at Plaintiff's direction. It is also specifically agreed that liquidated damages shall be due and payable by Plaintiff on each and every separate proven breach of this Paragraph 7. The prevailing party on any claim regarding this provision will

_/s/ AW_
Plaintiff's Initials

be entitled to recover its attorneys' fees and costs. Plaintiff acknowledges that this Paragraph 7 constitutes a material term of this Agreement and that breach of its provisions shall constitute a material breach of this Agreement.

8. **Non-Disparagement**: Plaintiff agrees not to make any direct or indirect statements related to the events underlying the Lawsuit about the District, or its employees (including, but not limited, to Monique Hampton), affiliates, officers, directors or trustees that disparages, are inimical to, interferes with, or damages the business or reputation of the business or reputation of the District, its owners, employees, officers, directors, or trustees, or any affiliate or related entities thereof.

   The Parties further agree that breach of this Paragraph 8 would result in damages to the non-breaching Party, the extent of which damages would be extremely difficult to ascertain and/or calculate, and therefore liquidated damages in the amount of two thousand five hundred dollars ($2,500) will be due from the breaching Party in the event of a breach of this provision. It is also specifically agreed that liquidated damages shall be due and payable on each and every separate proven breach of this Paragraph 8. The prevailing Party on any claim regarding this provision will be entitled to recover its attorneys' fees and costs. The Parties acknowledge that this Paragraph 8 constitutes a material term of this Agreement and that breach of its provisions shall constitute a material breach of this Agreement.

9. **Neutral Reference**: In the event Plaintiff leaves the employment of the District after the Effective Date of this Agreement, Plaintiff shall direct any prospective employer to contact the District's Director of Human Resources for verification of Plaintiff's employment at the District. Upon receipt of such inquiry, the District shall only provide Plaintiff's dates of employment and job title with the District, and nothing more.

10. **Headings**: The headings of the provisions herein are intended for convenient reference only and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

11. **Governing Law**: This Agreement shall be interpreted under the laws of the State of California.

12. **Interpretation**: The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. The Parties acknowledge that the terms of this Agreement were jointly negotiated by the Parties and agree that any rule of law, including but not limited to Civil Code §1654, and any legal decisions that would require interpretation of any claimed ambiguities in this Agreement against the drafting Party shall have no application.

13. **Attorneys' Fees and Costs**: Except as otherwise provided herein, the Parties to this Agreement shall bear their own attorneys' fees and costs arising from the Lawsuit, the actions of their own counsel in connection with this Agreement, the matters and documents referred to herein. In the event that any Party shall institute any action or proceeding against

Plaintiff's Initials

another Party to enforce the provisions of this Agreement, the prevailing Party shall be entitled to recover its expenses, including reasonable attorneys' fees and costs.

14. **Severability**: The Parties explicitly acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, if any portion or provision of any section of this Agreement is determined to be illegal, invalid, or unenforceable by any arbitrator or court of competent jurisdiction, or void or voidable as against public policy or otherwise, and cannot be modified to be legal, valid, or enforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, void, or voidable, or unenforceable portion or provision shall be deemed not to be a part of this Agreement.

15. **Modification of Agreement**: This Agreement may not be amended, modified, or revoked in any way, except in writing executed by all Parties.

16. **Advice of Counsel**: Each Party represents and warrants that such Party has reviewed and understands this Agreement in its entirety and has had an opportunity to discuss the terms and legal effect of this Agreement with counsel. In signing this Agreement, the Parties each acknowledge that the mediator has not served as an attorney or a tax advisor to either Defendants or Plaintiff. The Parties further acknowledge that each has the right to seek tax advice, and to review this Agreement with a tax attorney or tax consultant, prior to signing.

17. **No Admissions of Liability**: By entering into this Agreement, the Parties do not admit they have engaged in, or are now engaging in, any unlawful conduct. It is understood and agreed that this Agreement is not an admission of liability, and that Defendant specifically denies liability connected with Plaintiff's claims. The Parties agree that it is their mutual intention that neither this Agreement nor any terms hereof shall be admissible in any other or future proceeding against the other Party, except a proceeding to enforce this Agreement.

18. **No Prevailing Parties**: For the purposes of this Agreement, no Party shall be deemed to be the prevailing Party in this dispute, nor shall any Party be entitled to seek or recover attorneys' fees or costs under any statute of law or contract in connection with this dispute or the resolution thereof, except as already provided for herein with the Settlement Payment in Paragraph 3.

19. **Further Assurances**: Each Party agrees to take all reasonable steps necessary to effectuate the terms of this Agreement.

20. **Enforcement of This Agreement**: In the event of any dispute between the Parties concerning the enforcement of this Agreement the matter shall be venued in the United States District Court for the Eastern District of California. The prevailing party shall be entitled to recover reasonable attorneys' fees, costs and expenses incurred in connection therewith. Pursuant to Evidence Code Sections 1122(a)(1) and 1123(b) and Code of Civil Procedure Section 664.6, that all of the terms of this Agreement may be disclosed to a court of law and shall be enforceable and binding upon them in a court of law.

_[signature]_
Plaintiff's Initials

21. **No Other Representations; Entire Agreement**: Plaintiff represents and agrees that no promises, statements or inducements have been made to sign this Agreement other than those expressly stated in this Agreement. The Parties acknowledge that they have not executed this Agreement in reliance on any promise, representation or warranty not set forth herein, and further acknowledge this Agreement contains the full and entire agreement between Plaintiff and Defendants and fully supersedes any and all prior agreements or understandings between the Parties pertaining to its subject matter. The terms of this Agreement are contractual and not a mere recital.

By their respective signatures, Defendants and Plaintiff acknowledge that: 1) they have carefully read and fully understand all the provisions of this Agreement; 2) they are voluntarily entering into this Agreement with full knowledge of the rights they may be waiving; 3) they have entered into this Agreement based on their own judgment; and 4) they have not relied upon any representations or promises not contained in this Agreement.

22. **Counterparts**: This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same Agreement. A signature transmitted via fax or electronic mail (PDF) shall have the same force and effect as if an original.

**PLEASE READ CAREFULLY BEFORE SIGNING. THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS INCLUDES A GENERAL RELEASE OF ALL KNOWN AND/OR UNKNOWN CLAIMS.**

I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS AND I ACCEPT AND AGREE TO THE PROVISIONS CONTAINED HEREIN AND HEREBY EXECUTE IT VOLUNTARILY AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.

DATED: 2/9/21, 2021        **TURLOCK IRRIGATION DISTRICT**

By: _____
Name

DATED: 2-5-21, 2021        **ERIN RILEY**

By: _____
Erin Riley

Plaintiff's Initials

**APPROVED AS TO FORM:**

By: _____ 2/8/21
Amanda Heitlinger
Attorney for Plaintiff Erin Riley

By: _____ 02/09/2021
Nancy E. Harris
Attorney for Defendants
Turlock Irrigation District and Monique Hampton

3673200.4

Plaintiff's Initials

Confidential Settlement Agreement and General Release
_____, et al.
Page 11 of 11