UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN RILEY,<br><br>            Plaintiff,<br><br>      v.<br><br>TURLOCK IRRIGATION DISTRICT; MONIQUE HAMPTON and DOES 1-100,<br><br>            Defendants. | No. 1:20-CV-01028-DAD-BAM<br><br>ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA RELEASE AND SETTLEMENT<br><br>(Doc. No. 19) |

This matter is before the court on the joint motion for approval of the Fair Labor Standards Act release and settlement agreement. (Doc. No. 19.) Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus pandemic, the court takes this matter under submission to be decided on the papers, without holding a hearing.

**BACKGROUND**

On June 24, 2020, plaintiff commenced this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and 29 U.S.C.§ 213, based both on defendants' failure to pay plaintiff at an overtime premium rate for hours worked in excess of forty hours per week for a period of time and due to defendants' misclassifying plaintiff's position; and asserting claims of gender discrimination under the California Fair Employment and Housing Act, California Government Code § 12940, and under 42 U.S.C. § 2000, *et seq.*; breach of the implied

1

1 covenant of good faith and fair dealing; and negligent infliction of emotional distress.  (Doc. No.
2 1.)  On March 10, 2021, the parties filed a notice of settlement and a joint motion to stay all
3 pending deadlines pending finalization of the settlement, and were subsequently directed to file
4 FLSA release dispositional documents, and the settlement agreement for court approval.  (Doc.
5 Nos. 17, 18.)  On March 11, 2021, the parties filed the pending joint motion for approval of the
6 FLSA release and settlement agreement.  (Doc. No. 19.)

## LEGAL STANDARD

Settlement of claims under the FLSA requires court approval.  *See Jones v. Agilysys, Inc.*, No. C 12–03516 SBA, 2014 WL 108420, at *2 (N.D. Cal. Jan. 10, 2014*); see also Dashiell v. Cnty. of Riverside*, No. EDCV 15-00211 JGB (SPx), 2018 WL 3629915, at *3 (C.D. Cal. July 19, 2018).  "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract."  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013).  Because an employee cannot waive claims under the FLSA, they may not be settled without supervision of either the Secretary of Labor or a district court.  *See Barrentine v. Ark.–Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Yue Zhou v. Wang's Restaurant*, No. 05-cv-0279 PVT, 2007 WL 2298046, at *1 n.1 (N.D. Cal. Aug. 8, 2007).

The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved.  *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016).  However, in this circuit, district courts have normally applied a widely-used standard adopted by the Eleventh Circuit, looking to whether the settlement is a fair and reasonable resolution of a bona fide dispute.  *Id.*; *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982); *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016); *Yue Zhou*, 2007 WL 2298046, at *1.  "A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability."  *Selk*, 159 F. Supp. 3d at 1172 (internal quotation marks and citation omitted).  A court will not approve a settlement of an action in which there is certainty that the FLSA entitles plaintiffs to the compensation they seek, because to do so would shield employers from the full cost of complying with the statute.  *Id.*; *see*

*also Dashiell*, 2018 WL 3629915, at *3 ("The reason for this requirement is to safeguard against an employee waiving his or her claims for wages, overtime compensation, or liquidated damages when there is no actual dispute between the parties.").

To determine whether a FLSA settlement is fair and reasonable, the court evaluates the "totality of the circumstances" within the context of the purposes of the FLSA. *Slezak v. City of Palo Alto*, No. 16-cv-03224-LHK, 2017 WL 2688224, at *3 (N.D. Cal. June 22, 2017). Courts in this circuit have considered the following factors when determining whether a settlement is fair and reasonable under the FLSA: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion. *See Selk*, 159 F. Supp. 3d at 1173; *Slezak*, 2017 WL 2688224, at *3; *Roberts v. City of Chula Vista*, No. 16-cv-1955-MMA-DHB, 2017 WL 6541105, at *2 (S.D. Cal. Dec. 21, 2017).

**DISCUSSION**

Here, the parties have submitted a stipulation and proposed order seeking court approval of their FLSA settlement along with a request to dismiss the action with prejudice. (Doc. No. 19.)

**A.    The Proposed Settlement**

Under the terms of the FLSA Settlement Agreement, defendant Turlock Irrigation District will pay plaintiff a total sum of $40,000. (Doc. No. 19-1 at 7.) Of this amount, $5,156.00 is toward unpaid overtime and liquidated damages.[1] (Doc. No. 19 at 3.) The settlement also includes a payment of $24,252.00 toward compensatory damages to resolve plaintiff's non-FLSA claims and payment of $13,170.00 for attorneys' fees and costs. (*Id.*; Doc. No. 19-1 at 7–8.) The parties have represented that the $5,156.00 amount is the total undisputed amount owed to plaintiff under the FLSA.

---

[1] In their settlement agreement, the parties state plaintiff will receive $2,578.00, less all required local, state, and federal tax deductions, for the settlement of all her wage claims, back pay and/or front pay. (Doc. No. 19-1 at 8.) This amount is then doubled to account for liquidated damages, bringing the total to $5,156.00.

3

The court finds that the settlement represents a "fair and reasonable resolution of a bona fide dispute" as to the extent of defendant's FLSA liability. *See Lynn's Food Stores,* 679 F.2d at 1352–53. The court further finds that, after considering the totality of the circumstances and balancing such factors as "(1) the plaintiff's range of possible recovery; (2) the stage of the proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of plaintiff; and (6) the possibility of fraud or collusion" the settlement is fair and reasonable. *Selk*, 159 F. Supp. 3d at 1173.

Here, the court finds that there is a low probability of fraud or collusion because the parties negotiated the settlement at arms' length and because plaintiff is to "receiv[e] substantially more than the amount of undisputed unpaid overtime and is reasonable given the possible range of recovery under the FLSA claims that she asserted." (Doc. No. 19-1 at 4.) In addition, there is nothing in the record to suggest plaintiffs' counsel "allowed the pursuit of their own self-interests . . . to infect the negotiation." *In re Bluetooth Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This settlement lacks any evidence of more "subtle signs" of collusion, such as, for example, when counsel receive a disproportionate distribution of the settlement. *Id.* at 947.

Upon considering the totality of the circumstances, as reviewed above, the court finds that the proposed settlement is fair and reasonable.

**A.     Attorneys' Fees and Costs**

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Selk*, 159 F. Supp. 3d at 1180; *see also* 29 U.S.C. § 216(b) (providing that, in a FLSA action, the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). "Under Ninth Circuit law, the district court has discretion . . . to choose either the percentage-of-the-fund or the lodestar method" for awarding attorneys' fees. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

/////

/////

4

According to the terms of this settlement, plaintiffs' counsel will be paid $13,170.00 in attorneys' fees and costs, which is one third of the total settlement sum of $40,000. (Doc. No. 19-2 at 2–3.)

The court turns to the lodestar amount to cross-check whether a 33.3 percent award of attorneys' fees is appropriate here. Where a lodestar is merely being used as a cross-check, the court "may use a 'rough calculation of the lodestar.'" *Bond v. Ferguson Enters., Inc.*, No. 1:09–cv–1662 OWW MJS, 2011 WL 2648879, at *12 (E.D. Cal. June 30, 2011) (quoting *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06–04149 MMM (SHx), 2008 WL 8150856 (C.D. Cal. July 21, 2008)). The court typically applies a lodestar multiplier after multiplying a reasonable hourly rate by the number of hours worked. "Multipliers in the 3–4 range are common in lodestar awards for lengthy and complex class action litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995) (citing *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 549 (S.D. Fla. 1988)); *see also* 4 Newberg on Class Actions § 14.7 (courts typically approve percentage awards based on lodestar cross-checks of 1.9 to 5.1 or even higher, and "the multiplier of 1.9 is comparable to multipliers used by the courts").

Plaintiff's counsel declares the firm has expended 92.2 hours litigating this case, and of that time 70 hours were attributable to attorney time. (Doc. No. 19-2 at 3.) Plaintiff's counsel further states that her customary hourly rate is $350.00. (*Id.*) This court has previously accepted this proposed hourly rate as reasonable for lodestar purposes.[2] *See Singh v. Roadrunner Intermodal Servs., LLC*, No. 1:15-cv-01497-DAD-BAM, 2019 WL 316814, at *10 (E.D. Cal. Jan. 24, 2019) (accepting hourly rates of between $370 and $495 for associates, and $545 and $695 for senior counsel and partners); *Mathein v. Pier 1 Imports (U.S.), Inc.,* No. 1:16-cv-00087-DAD-SAB, 2018 WL 1993727, at *11 (E.D. Cal. Apr. 27, 2018) (accepting hourly rates of between $475 and $575 for associates, and $675 and $750 for senior counsel and partners); *Emmons v. Quest Diagnostics Clinical Labs., Inc.*, 1:13-cv-00474-DAD-BAM, at *8 (E.D. Cal. Feb. 27,

---

[2] Since these rates are only for the purposes of generally cross-checking the reasonableness of an award of one-third of the common fund as attorneys' fees, the court adopts the hourly rate provided by counsel for the lodestar cross-check purposes as appropriate here.

2017) (accepting hourly rates of between $330 and $550 for associates, and $500 and $720 for partners).  Thus, the rough approximation of just the time attributable to plaintiff's counsel's own hours, – $24,000, far exceeds the $13,170.00 in attorneys' fees and costs that are sought here. Those amounts would increase further when accounting for the hours expended by counsel's paralegal staff.

The court therefore approves the award of $13,170.00 in attorneys' fees and costs.

## CONCLUSION

For the reasons stated above:

1. The parties' settlement agreement and release of plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 203 (Doc. No. 19), is approved as fair, adequate, and reasonable; the court awards counsel $13,170.00 in attorneys' fees costs; and the parties shall perform the settlement agreement in accordance with its terms; and

2. Pursuant to that agreement, the parties may file a joint stipulation of dismissal with prejudice as to plaintiff's FLSA claims consistent with the terms of their settlement agreement within three weeks from the date of this order.

IT IS SO ORDERED.

Dated:   **April 22, 2021**                      *Dale A. Drozd*
                                                 UNITED STATES DISTRICT JUDGE